IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO

IN RE:

RS YACHT SERVICES INC

              Debtor(s)

BANCO POPULAR DE PUERTO RICO

              Movant

RS YACHT SERVICES INC

              Respondent(s)

CASE NO. 12-03193 BKT
Chapter 11

FILED & ENTERED ON 05/29/2012

OPINION AND ORDER

Before the Court is the Motion for relief from the automatic stay filed by Banco Popular de Puerto Rico ("BPPR") on May 3, 2012, pursuant to 11 U.S.C. §362(d)&(f) (Dkt No. 11). Also before the Court is Debtor's opposition to BPPR's request for relief filed on May 18, 2012 (Dkt No. 27), and the reply filed by BPPR on May 25, 2012 (Dkt No. 29). For the reasons set forth below, BPPR's Motion for relief from the automatic stay is GRANTED in part, and DENIED in part.

Section 362(a)(1) of the Bankruptcy Code provides that the filing of a bankruptcy petition stays the commencement or continuation of all nonbankruptcy judicial proceedings against the debtor that had or could have been commenced before the commencement of the case. 11 U.S.C. §362(a)(1). The automatic stay gives the debtor breathing room by stopping all collection efforts and all foreclosure actions. Soares. v. Brockton Credit Union (In re Soares), 107 F. 3d 969, 975 (1st Cir. 1997). The automatic stay remains in effect with respect to an act against property of the estate until such property is no longer property of the bankruptcy estate. 11 U.S.C. § 362(c)(l). On the request of a party, the automatic stay may be terminated, annulled, modified, or conditioned, for cause, including lack of adequate protection of an interest in property. 11 U.S.C.§ 362(d)(l). Relief from an act against property may be granted if the debtor does not have equity in such property and such property is not necessary to an effective reorganization. 11 U.S. C. § 362(d)(2). Therefore, "there must be a reasonable possibility of a successful reorganization within a reasonable time" and the collateral at issue is necessary to that reorganization. United Sav. Ass'n of Tex. v. Timbers of

Inwood Forest Assocs., Ltd. (In re Timbers of Inwood Forest Assocs., Ltd.), 484 U.S. 365, 375-76, 108 S. Ct. 626, 632, 98 L. Ed. 2d 740, 750-51, 17 C.B.C.2d 1368, 1373-74 (1988).

A preliminary hearing to consider BPPR's request for relief from the automatic stay was held on May 29, 2012, pursuant to §362(e)(1). At the hearing, BPPR and the Debtor agreed that the total liens on the property exceed the value of the property, such that there is no equity available to the Debtor. In determining whether the property is necessary to an effective reorganization, the Court takes into consideration the fact that the Debtor's primary property is subject to an arrest order, issued by the US District Court, for the District of Puerto Rico on March 29, 2012[1]. Because the arrest order prevents the Debtor from using and even having access to the vessel in question, it is not available to the Debtor for reorganization purposes at this time. Therefore, the Court finds that an effective reorganization, based upon the proposed use of the property in question, is not possible. Furthermore, the Court finds unlikely that the Debtor's situation will change within the next thirty (30) days. As such, there is no reasonable likelihood that Debtor would prevail if a final hearing on the request for relief from automatic stay is held.

Accordingly, the Court modifies the automatic stay to allow the continuance of the *in personam* breach of contract and collection action against Debtor before the Puerto Rico Court of First Instance, San Juan Part[2], and the *in rem* action against Debtor's property before the United States District Court for the District of Puerto Rico[3], up to the entry of judgment.

SO ORDERED.

San Juan, Puerto Rico, this 29 day of May, 2012.

Brian K. Tester
U. S. Bankruptcy Judge

---

1 Case No. 12-01162 (PG)
2 Case No. KAC2011-0893
3 Case No. 12-01162 (PG)